# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARON COX,<br>                Petitioner,<br><br>vs.<br><br>JEFFERY A. BEARD, Secretary,<br>Pennsylvania Department of Corrections;<br>TABB BICKEL, Superintendent,<br>SCI-Huntingdon; COMMONWEALTH OF<br>PENNSYLVANIA,<br>                Respondents. | )<br>)<br>)<br>) Civil Action No. 12-285<br>) Magistrate Judge Maureen P. Kelly<br>)<br>)<br>)<br>)<br>)<br>) |

## **MEMORANDUM ORDER**

Daron Albert Cox, ("Petitioner"), represented by counsel, has filed a "Petition For Writ of Habeas Corpus" By a Person in State Custody under 28 U.S.C. § 2254 (the "Petition"). He is challenging his convictions for first degree murder and a firearms violation. Petitioner was sentenced to life in prison without the possibility of parole for the first degree murder conviction and a concurrent term of 3½ to 7 years on the firearms conviction. Petitioner now claims to have an affidavit that constitutes after discovered evidence which proves his innocence. Although not clear, Petitioner appears to make two claims in the Petition. First, he alleges that it is a constitutional violation for him, as an innocent person, to be convicted of a crime he did not commit. Second, he appears to claim that his attorney who was retained to file his second Post Conviction Relief Act ("PCRA") Petition was ineffective for failing to file the Second PCRA Petition within sixty days, as required by state law, of discovering the exculpatory facts contained in the affidavit.

Because this habeas Petition was not timely filed, it will be dismissed as time barred. In the alternative, the two claims raised by counsel simply cannot form the basis for relief in federal habeas proceedings. This is because a stand-alone actual innocence claim does not state a claim

that merits relief in federal habeas proceedings. Furthermore, a claim of the ineffective assistance of counsel during PCRA proceedings fails to state a claim in federal habeas proceedings because there is no federal right to counsel in PCRA proceedings.

## I. FACTUAL AND PROCEDURAL HISTORY

Given that we write primarily for the parties who are well-acquainted with the facts of this case, we forego a lengthy recitation of the facts. It is sufficient to note that, Petitioner confessed to the crime and that confession was admitted at trial. The Commonwealth's key witness, i.e., Rashei Smith, testified that he witnessed the shooting and saw Petitioner commit the killing. Petitioner took the stand in his own defense and claimed he was with his girlfriend at the time of the shooting and not present at the shooting. ECF No. 5 at 3. The jury convicted Petitioner, apparently discrediting his testimony.

After his direct appeal was completed, Petitioner filed a first PCRA petition in which Attorney John Knorr eventually represented Petitioner. The first PCRA petition was denied and the Superior Court affirmed on September 24, 2005. Petitioner did not file a Petition for Allowance of Appeal with the Pennsylvania Supreme Court.

In late August 2006, Petitioner learned from DeWayne Jackson, that he, Jackson, allegedly saw another person, i.e., Roland Cephas, shoot the victim Brian Roberts and that Rashei Smith, who was the Commonwealth's key eyewitness, was not present at the time of the shooting of Roberts. Jackson also stated that Rashei Smith attempted to obtain information about the shooting of Roberts with the intention of using such information in order to secure preferential treatment in connection with criminal charges that Rashei Smith was facing at the time.

2

Petitioner apparently contacted Attorney Knorr with this information. On October 13, 2006, DeWayne Jackson executed an affidavit, averring therein the foregoing statements. Attorney Knorr filed the Second PCRA Petition on November 3, 2006 in which he raised the claim that Petitioner suffered a miscarriage of justice in light of the newly discovered evidence of Petitioner's actual innocence.

The Court of Common Pleas of Allegheny County ("the PCRA trial court"), in a Notice of Intention to Dismiss dated April 24, 2007, found at least one potential deficiency, asserting that the Second PCRA Petition filed by Attorney Knorr was filed outside the sixty (60) day time frame set forth in 42 Pa. C.S.A. Section 9545(b)(2) because the existence of the witness (Dewayne Jackson) was uncovered in August of 2006 and Attorney Knorr did not file the PCRA petition until November 3, 2006. On May 25, 2007, Petitioner's present counsel who represents him in this Petition, entered his appearance in the PCRA trial court and filed a Response to the Notice of Intention to Dismiss and a Motion for Leave to file an Amended Second PCRA Petition. The PCRA trial court granted the Motion on July 3, 2007, and an amended petition was filed on July 16, 2007.

The PCRA trial court then held an evidentiary hearing on September 10, 2007 at which time Petitioner, DeWayne Jackson and Petitioner's prior counsel John Knorr, among others, testified.

On February 12, 2008, the PCRA trial court issued its Memorandum Opinion and Order, finding that the second PCRA Petition was untimely filed because it was not filed within sixty days of August 31, 2006, as required by 42 Pa.C.S.A. § 9545(b)(2). In the alternative, the PCRA trial court held that the testimony of DeWayne Jackson and his affidavit which was in conformity with his testimony at the PCRA hearing was essentially dubious and thus, Petitioner

3

failed to establish a miscarriage of justice under the PCRA statute as would be sufficient to merit relief.

Petitioner appealed to the Pennsylvania Superior Court. On August 6, 2010, the Superior Court affirmed the decision of the PCRA trial court. Petitioner filed a Petition for Allowance of Appeal to the Pennsylvania Supreme Court. The Petition for Allowance of Appeal was denied on March 9, 2011.

Petitioner's counsel did not file the present Petition in this Court until March 7, 2012, nearly one full year after the Pennsylvania Supreme Court denied the Petition for Allowance of Appeal. ECF No. 1. After being granted extensions of time in which to file their Answer, Respondents filed their Answer, pointing out that the Petition was untimely filed and meritless, and also attached copies of much of the state court record as exhibits. ECF Nos. 5 to 8. The Respondents also caused the original state court record to be delivered to this Court.

All of the parties have consented to have the Magistrate Judge exercise plenary jurisdiction. ECF Nos. 4 and 9.

## II. APPLICABLE LEGAL PRINCIPLES

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, tit. I, §101 (1996) ("AEDPA") which amended the standards for reviewing state court judgments in federal habeas petitions filed under 28 U.S.C. § 2254 was enacted on April 24, 1996. Because Petitioner's habeas Petition was filed after its effective date, AEDPA is applicable to this case. Werts v. Vaughn, 228 F.3d 178, 195 (3d Cir. 2000).

Where the state courts have reviewed a federal issue presented to them and disposed of the issue on the merits, and that issue is also raised in a federal habeas petition, AEDPA provides

the applicable deferential standards by which the federal habeas court is to review the state courts' disposition of that issue. See 28 U.S.C. § 2254(d) and (e).

AEDPA also permits federal habeas relief where the state court's adjudication of the claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. 2254(d)(2).

**III. DISCUSSION**

**A. The Petition is Barred by the One Year Statute of Limitations.**

Respondents correctly point out in their Answer that the Petition is untimely under the AEDPA. As relevant here, AEDPA requires that state prisoners file their federal habeas petition within one year after the discovery of new evidence where such discovery occurs after their conviction already became final.[1] Specifically, AEDPA provides that:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> . . . .
>
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

---

[1] Although AEDPA provides three other potential starting points for the running of its one year limitations period, from the record, the "after discovered evidence" starting point appears to be the most applicable. Petitioner does not address the AEDPA statute of limitations issue and so the Court is not informed as to Petitioner's position.

Respondents contend that the Petition is untimely filed under three different alternatives. ECF No. 5 at 23. We find one of the three alternatives proffered by the Respondents sufficient to conclude that the Petition is untimely filed, namely, that Petitioner failed to file within one year of discovering the new evidence.

Respondents point out that the Petition is not timely filed because Petitioner discovered the factual predicate of his claim in late August 2006 and that consequently, absent tolling, he would only have had until August 2007, to file the instant Petition. Petitioner did not file the instant Petition until March 7, 2012, nearly five years later. Respondents also point out that Petitioner is not entitled to any statutory tolling for the period of the pendency of the Second PCRA petition because it was not properly filed. We agree with the Respondents' analysis.

Giving the Petitioner the benefit of the doubt, we will assume that Petitioner discovered the factual predicate of his claim (which we assume to be a claim that he had new evidence of his actual innocence, a claim that is cognizable in a PCRA petition) on August 31, 2006. Petitioner would have had only until August 31, 2007 to file the instant Petition in this Court pursuant to 28 U.S.C. § 2244(d)(1)(D). Petitioner did not file the instant Petition until March 7, 2012, nearly five years after August 31, 2007.

While it is true that pursuant to 28 U.S.C. § 2244(d)(2), a "properly filed application for State post-conviction" relief, which in this case would be a PCRA petition, tolls the running of AEDPA's one year statute of limitations, the Second PCRA Petition cannot statutorily toll AEDPA's statute of limitations because it was not "properly filed" within the meaning of the statutory phrase, given that the state courts found that the Second PCRA petition was not filed within the 60 day time limit provided for in state law. Munchinski v. Wilson, 694 F.3d 308, 328 (3d Cir. 2012) ("Similarly, the Superior Court reviewing Munchinski's PCRA III petition

6

concluded that the Brady allegations premised on the evidence in Group 3 were not raised within 60 days of the date of discovery, as required by Pennsylvania law. As such, the PCRA III petition was also not 'properly filed' within the meaning of § 2244(d)(2). Thus, the Group 3 claims are untimely under § 2244(d).") (footnote omitted).

Absent any other tolling, the Petition is clearly time-barred.

It is true that the doctrine of equitable tolling applies to AEDPA's statute of limitations. Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616 (3d Cir. 1998). However, a habeas petitioner seeking to invoke the doctrine of equitable tolling must establish two things: 1) the existence of "extraordinary circumstances" which prevented him from filing in a timely manner and 2) that he acted with reasonable diligence. Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999); Simmons v. Yukins, No. Civ. 01-CV-71287-DT, 2001 WL 739505, at *2 (E.D. Mich. May 9, 2001).

Respondents assert in their Answer that Petitioner is not entitled to equitable tolling. Petitioner did not file a traverse. Petitioner did not address the timeliness of the Petition in any of his filings. Given that it is a habeas petitioner's burden to show entitlement to equitable tolling and given that the Petitioner is represented by counsel and does not even argue for the existence of equitable tolling, we find that Petitioner has not met his burden to show entitlement to equitable tolling.

Accordingly, the Petition is untimely and will be denied.[2]

---

[2] While it is true that a showing of actual innocence can overcome the AEDPA statute of limitations, McQuiggin v. Perkins, __ U.S. __, 133 S.Ct. 1924 (2013), as explained below, we find that Petitioner's showing of actual innocence falls far short of the requisite showing.

### B. The Petition is Meritless.

In the alternative, the Petition is meritless. As best as can be discerned, it appears that Petitioner is making two claims: 1) Attorney Knorr was ineffective for failing to file the Second PCRA Petition within the 60 day time period required by state law, and 2) Petitioner is actually innocent of the crime of murder based upon the newly discovered affidavit of DeWayne Jackson and it is a miscarriage of justice to permit his conviction to stand. See ECF No. 1 at 8, ¶¶ 37 to 42 (invoking ineffective assistance of counsel language); id. at 9, ¶ 43 (arguing that "petitioner is actually innocent of first degree murder under Pennsylvania law and seeks relief in this court to correct a miscarriage of justice.").

### 1. Ineffective Assistance of PCRA Counsel is Not Cognizable.

To the extent that Petitioner is raising a claim of ineffective assistance of Attorney Knorr in the course of the second PCRA proceedings as a ground for relief in this Court from Petitioner's conviction or sentence, Petitioner's claim of ineffectiveness cannot serve as a ground for relief. A state prisoner may seek federal habeas corpus relief only if he is in custody in violation of the United States Constitution or federal law. 28 U.S.C. §2254(a). Smith v. Phillips, 455 U.S. 209 (1982); Zettlemoyer v. Fulcomer, 923 F.2d 284 (3d Cir. 1991). Violations of state law or procedural rules alone are not sufficient; a petitioner must allege a deprivation of federal rights before habeas relief may be granted. Engle v. Isaac, 456 U.S. 107 (1982); Wells v. Petsock, 941 F.2d 253 (3d Cir. 1991). Because Petitioner did not possess a federal right to counsel during his state post-conviction proceeding, Pennsylvania v. Finley, 481 U.S. 551, 555 (1987), he cannot receive habeas relief on a claim that PCRA counsel was ineffective. 28 U.S.C. § 2254(a) (stating, in relevant part, that habeas relief is available only on the grounds that state prisoner is in custody in violation of his constitutional rights); § 2254(i) ("[t]he ineffectiveness of

counsel during Federal or State collateral post-conviction proceedings shall not be ground for relief in a proceeding arising under section 2254."). See also Coleman v. Thompson, 501 U.S. 722, 752-53 (1991) ("There is no constitutional right to an attorney in state post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551 (1987); *Murray v. Giarratano*, 492 U.S. 1 (1989) (applying the rule to capital cases). Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings. *See Wainwright v. Torna*, 455 U.S. 586 (1982) (where there is no constitutional right to counsel there can be no deprivation of effective assistance)"). Accordingly, any claims of PCRA counsel's ineffectiveness are simply not cognizable grounds for relief in federal habeas proceedings and must be dismissed.[3]

Moreover, even if Petitioner had some kind of federal right to counsel during his PCRA proceedings, errors occurring in the PCRA process simply provide no grounds for relief in federal habeas proceedings. "[H]abeas proceedings are not the appropriate forum for [the petitioner] to pursue claims of error at the PCRA proceeding." Lambert v. Blackwell, 387 F.3d 210, 247 (3d Cir. 2004); see also Hassine v. Zimmerman, 160 F.3d 941, 954 (3d Cir. 1998) ("[T]he federal role in reviewing an application for habeas corpus is limited to evaluating what occurred in the state or federal proceedings that actually led to the petitioner's conviction; what occurred in the petitioner's collateral proceeding does not enter into the habeas calculation.").

---

[3] The only other issue that requires comment is the Supreme Court's recent decision in Martinez v. Ryan, __ U.S. __, 132 S.Ct. 1309 (2012). In Martinez, the United States Supreme Court held, as an equitable matter, and not as a constitutional matter, that the ineffective assistance of post-conviction relief counsel could provide "cause" so as to excuse the procedural default of a claim of trial counsel's ineffectiveness, where the post-conviction proceedings were the first opportunity under state law to raise claims of ineffective assistance of trial counsel. Id. at 1313-21. See also id. at 1321 (Scalia, J., dissent) (noting that the majority based its decision on equitable reasons and not based upon a constitutional right to counsel in state collateral review). Hence, Martinez does not provide that claims of ineffective assistance of PCRA counsel can serve as grounds for relief from a state court conviction in federal habeas proceedings.

Hence, any and all of Petitioner's potential claims, regarding errors allegedly committed during the PCRA proceedings, fail to afford a basis for relief in these federal habeas proceedings.

### 2. Gateway Claim Versus a Stand Alone Claim of Actual Innocence.

To the extent that Petitioner is raising a claim that he is actually innocent of the crime of first degree murder, it is not entirely clear what Petitioner is claiming, given the Petition's lack of clarity and precision. There are two possible claims of "actual innocence" Petitioner may be making. One claim of "actual innocence" is a claim that "because I am actually innocent of the crime, I should be granted federal habeas relief on that ground alone." We shall refer to this claim as a "stand alone claim of actual innocence" or "free standing claim of actual innocence." The second potential claim of "actual innocence" is a claim that "because I am actually innocent, this federal habeas Court should excuse any procedural default of my claims in state court and address those procedurally defaulted claims on the merits." We shall refer to this as a "gateway claim" of actual innocence.

To the extent that Petitioner is making a "stand alone claim of actual innocence" in this non-capital case, his stand alone claim is not cognizable.

### a) A stand-alone claim of innocence is not cognizable.

A stand alone claim of actual innocence is not cognizable in federal habeas proceedings in a non-capital case. Albrecht v. Horn, 485 F.3d 103, 121-22 (3d Cir. 2007) (citing Herrera v. Collins, 506 U.S. 390 (1993)). See also Federal Habeas Manual § 1:60. Indeed, the United States Supreme Court has declared that "claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." Herrera, 506 U.S. at 400. The reason for this was given in Herrera. In that case, the Supreme Court held that

10

federal habeas review is not available "absent an independent constitutional violation occurring in the underlying state criminal proceeding," and that "a claim of 'actual innocence' is not itself a constitutional claim." Id. at 400, 404. The Supreme Court explained that once a defendant is found guilty after a fair trial in the state court, he no longer is entitled to a presumption of innocence, and thus comes before the federal habeas court not as one who is innocent, but as a convicted criminal. Id. at 399-400. Because such a determination in the state criminal trial is "a decisive and portentous event" and "[s]ociety's resources have been concentrated at that time and place in order to decide, within the limits of human fallibility, the guilt or innocence of one of its citizens," freestanding claims of actual innocence are not reviewable in federal habeas actions. Id. at 401 (internal quotations and citations omitted). The Supreme Court noted that "[t]his rule is grounded in the principle that federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution – not to correct errors of fact." Id. at 400. "Federal courts are not forums in which to relitigate state trials." Id. at 401 (quotations and citation omitted). Thus, the Court rejected Herrera's claim that, even if the proceedings that resulted in his conviction and sentence were entirely fair and error free, his innocence would make his execution a constitutionally intolerable event.

Based upon the Herrera decision, the United States Court of Appeals for the Third Circuit has held that in non-capital cases such as this case: "It has long been recognized that '[c]laims of actual innocence based on newly discovered evidence' are never grounds for 'federal habeas relief absent an independent constitutional violation.'" Fielder v. Varner, 379 F.3d 113, 122 (3d Cir. 2004) (quoting Herrera, 506 U.S. at 400);[4] Albrecht, 485 F.3d at 121-22. For this reason, to

---

[4] But see Sistrunk v. Rozum, 674 F.3d at 187 (in a non-capital case the Court of Appeals stated "we need not address whether a freestanding claim of actual innocence would be cognizable on federal habeas review because that is not all that Sistrunk's petition offers."). The statement in

(. . . footnote continued)

the extent that Petitioner is making a stand-alone claim of actual innocence, it will be denied because it is not cognizable under the federal habeas corpus statute. See also In re Swearingen, 556 F.3d 344, 348 (5th Cir. 2009) ("The Fifth Circuit does not recognize freestanding claims of actual innocence on federal habeas review."); Johnson v. Bett, 349 F.3d 1030, 1038 (7th Cir. 2003) ("For claims based on newly discovered evidence to state a ground for federal habeas relief, they must relate to a constitutional violation independent of any claim of innocence."); Rouse v. Lee, 339 F.3d 238, 255 (4th Cir. 2003) ("[C]laims of actual innocence are not grounds for habeas relief even in a capital case...."); David v. Hall, 318 F.3d 343, 347-48 (1st Cir. 2003) ("The actual innocence rubric... has been firmly disallowed by the Supreme Court as an independent ground of habeas relief, save (possibly) in extraordinary circumstances in a capital case."); Burton v. Dormire, 295 F.3d 839, 848 (8th Cir. 2002) ("[W]e have squarely rejected the notion that a prisoner may receive a writ simply because he claims he is innocent."); LaFevers v. Gibson, 238 F.3d 1263, 1265 n.4 (10th Cir. 2001) ("[A]n assertion of actual innocence, although operating as a potential pathway for reaching otherwise defaulted constitutional claims, does not, standing alone, support the granting of the writ of habeas corpus.").

In Herrera, the United States Supreme Court left open the possibility that "in a capital case a truly persuasive demonstration of 'actual innocence' made after trial would render the

---

Sistrunk could be read to mean that whether a freestanding claim of actual innocence is cognizable remains an open question in this Circuit. It appears however that the United States Court of Appeals for the Third Circuit has already held in a published opinion that such a free standing claim is not cognizable. See Fielder, 379 F.3d at 122 ("By contrast, Fielder's after-discovered evidence claim is timely under § 2244(d)(1)(D). Nevertheless, we can affirm the decision of the District Court on the alternative ground that this claim is not cognizable under the federal habeas statute because it rests on state, rather than federal, law. It has long been recognized that '[c]laims of actual innocence based on newly discovered evidence' are never grounds for 'federal habeas relief absent an independent constitutional violation.' *Herrera v. Collins*, 506 U.S. 390, 400, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993). Therefore, Fielder's after-discovered evidence claim was properly dismissed by the District Court."). We note that Sistrunk did not mention Fielder. As a District Court, we are bound by the holding in Fielder.

12

execution of a defendant unconstitutional, and warrant federal habeas relief if there was no state avenue open to process such a claim." 506 U.S. at 417. In House v. Bell, 547 U.S. 518 (2006), the Supreme Court once again left open the question of whether a truly persuasive freestanding innocence claim in a capital case would warrant federal habeas relief if no state avenues of relief remain available. Id. We note that Petitioner's case is not a capital case.[5]

Bound, as we are by the holding of Fielder, we find that Petitioner's stand-alone claim of actual innocence is not cognizable. Accordingly this claim does not merit relief.

### b) No Cognizable Claim to Pass Through the Gateway.

The second potential claim of actual innocence is a gateway claim. Essentially, the gateway claim places a burden upon the habeas petitioner to show "actual innocence" so as to have the federal habeas court overlook in federal habeas proceedings the petitioner's procedural default in state court of a federal claim. This then permits the federal habeas court to address the procedurally defaulted claim on the merits. Werts, 228 F.3d at 193. It appears that Petitioner may be asserting such a claim. See ECF No. 1 at 9, ¶ 43 (invoking the phrase "miscarriage of justice" and citing to: House v. Bell, 547 U.S. 518 (2006) (a capital case addressing a gateway claim of actual innocence); Wright v. Vaughn, 473 F.3d 85 (3d Cir. 2006) (non-capital case addressing gateway claim); Gomez v. Jaimet, 350 F.3d 673 (7th Cir. 2003) (non-capital case addressing gateway claim)).

---

[5] See also McQuiggin v. Perkins, __ U.S. __, 133 S.Ct. 1924, 1931 (2013). In District Attorney's Office for the Third Judicial District v. Osborne, 557 U.S. 52 (2009), which was a non-capital case in which a state inmate brought an action under 42 U.S.C. § 1983 to compel the State of Alaska to release biological evidence so that it could be subject to DNA testing, the Supreme Court in dicta assumed without deciding that an actual innocence claim could be brought in habeas, but noted "the high standard any claimant would have to meet" to succeed with such a claim. Id. at 2321 (citing House and Herrera). See also Sistrunk v. Rozum, 674 F.3d 181, 187 n.2 (3d Cir. 2012).

The only problem with assuming that Petitioner is raising a gateway claim is that Petitioner does not specify which claims were procedurally defaulted in the state court that he now seeks to have addressed on the merits in this federal habeas court. The only potential claims that the Petition raises herein are, as noted above: 1) the alleged ineffective assistance of Attorney Knorr in the PCRA proceedings and 2) the free standing actual innocence claim. Even if we assumed without deciding that Petitioner had carried his heavy burden to show actual innocence so as to overcome a presumed procedural default of these claims, it would not aid Petitioner because, as explained above, neither of these two claims can provide grounds for relief from the conviction or sentence in federal habeas proceedings.

### c) Petitioner Fails to Show He is Actually Innocent.

Lastly, and for the sake of completeness, we find that even if Petitioner's claims were cognizable, his showing of "actual innocence" failed to meet the standards required under Schlup for a gateway claim of actual innocence and hence, also failed under the more stringent standards of Herrera for a free standing claim of actual innocence. Thomas v. Taylor, 170 F.3d 466, 473 (4th Cir. 1999) ("Regardless of whether we apply the more lenient standard of *Schlup* or the stricter standard of *Herrera* . . .").

The phrase "miscarriage of justice" in the context of a gateway claim has been explained by the Supreme Court to require a showing that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Schlup v. Delo, 513 U.S. 298, 327 (1995); United States v. Sorrells, 145 F.3d 744, 749 n.3 (5th Cir. 1998)("The 'actually innocent' standard is the same as the 'fundamental miscarriage of justice' standard, which applies 'when a constitutional violation probably has caused the conviction of one innocent of the crime.'"). Moreover, "actually innocent" means factual innocence and not just legal innocence. See

Calderon v. Thompson, 523 U.S. 538, 559 (1998)("[T]he miscarriage of justice exception is concerned with actual as compared to legal innocence."). Because of the focus being on establishing actual innocence as opposed to legal innocence, the court is not bound to consider only the evidence introduced at a habeas petitioner's criminal trial. See Schlup v. Delo, 513 U.S. at 327 - 28, wherein the court held that "[i]n assessing the adequacy of petitioner's showing [of actual innocence], therefore, the district court is not bound by the rules of admissibility that would govern at trial. Instead, the emphasis on 'actual innocence' allows the reviewing [habeas] tribunal also to consider the probative force of relevant evidence that was either excluded or unavailable at trial." Indeed, the Supreme explained more fully what it meant by allowing a court to consider evidence not heard at trial when it declared that "[t]he habeas court must make its determination concerning the petitioner's innocence 'in light of all the evidence, including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongly excluded or to have become available only after the trial.'" Id. at 328.

In order to make a showing of a gateway "actual innocence" claim, a petitioner "must satisfy a two-part test in order to obtain review of otherwise procedurally barred claims. First, the petitioner's allegations of constitutional error must be supported with new reliable evidence not available at trial. *Schlup*, 513 U.S. at 327-28." Amrine v. Bowersox, 238 F.3d 1023, 1029 (8th Cir. 2001). Second, the petitioner must establish "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." Id. It is not enough that in light of the new evidence a reasonable doubt may exist as to the Petitioner's guilt, the test is even more onerous than that. In Schlup, the Supreme Court reiterated that "[t]he meaning of actual innocence as formulated by *Sawyer* and *Carrier* does not merely require a showing that a

15

reasonable doubt exists in the light of the new evidence, but rather that no reasonable juror would have found the defendant guilty." Schlup, 513 U.S. at 329.

We find that Petitioner failed to carry his burden to show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence of DeWayne Jackson's testimony/affidavit. In so finding, we adopt as our own, the state courts' reasoning with respect to the affidavit of DeWayne Jackson, namely that it was insufficient to overcome the strong evidence of Petitioner's guilt, which included Petitioner's confession and the eyewitness testimony of Rashei Smith. ECF No. 8-11 at 11 ("Given the inconsistencies between the other evidence offered by [Appellant] in previous attempts to obtain collateral relief, the fact that the new witness [i.e., DeWayne Jackson] was, by his own admission, under the influence of alcohol and marijuana and in light of the overwhelming evidence of [Appellant's] guilt presented at trial, the [c]ourt concludes that the testimony of [DeWayne] Jackson is insufficient to meet the requirement that [Appellant] show that this conviction was the result of proceedings so unfair that a miscarriage of justice occurred.").

### III. CONCLUSION

Based on the reasons set forth herein, specifically because the Petition is untimely and/or meritless, the Petition is hereby dismissed.

Because jurists of reason would not find the foregoing debatable, a Certificate of Appealability is hereby denied.[6]

BY THE COURT:

Date: February 13, 2014

s/Maureen P. Kelly
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: All counsel of record via CM-ECF

---

[6] Petitioner had requested an evidentiary hearing on his Petition herein. ECF No. 1 at 9. As the foregoing analysis should make clear, it would serve no purpose to hold an evidentiary hearing on claims that simply do not provide a ground for relief in federal habeas proceedings.